IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC V. MITCHEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00432-O-BP |
| | § | |
| NEXERA HOLDINGS LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Default Judgment that Plaintiff Eric Mitchel filed on July 2, 2025 (ECF No. 22), the Motion to Vacate Clerk's Entry of Default that Select Portfolio Servicing ("SLS") filed on July 10, 2025 (ECF No. 23), and Mitchel's Response filed on July 10, 2025 (ECF No. 24).

An order granting a motion to set aside a default is a dispositive order to which the undersigned may only make a recommendation to the district judge. *Parks v. Collins*, 761 F.2d 1101, 1105-06 (5th Cir. 1985). Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge Reed O'Connor **GRANT** Defendants' Motion to Set Aside Default (ECF No. 23) and **DENY** as moot Mitchel's Motion for Default Judgment (ECF No. 22).

**I.    BACKGROUND**

This case concerns alleged fraud, misrepresentations, and deceptive conduct by the Defendants during Mitchel's purchase of a home in February 2025. ECF No. 1. On July 1, 2025, Mitchel requested the Clerk of this Court to enter default against SPS under Rule 55(a), swearing in his affidavit that SPS "fail[ed] to plead or otherwise defend this action." ECF No. 20 at 1. The

Clerk entered default on July 2, 2025. ECF No. 21. On July 3, 2025, Mitchel moved for a default judgment against SPS. ECF No. 22. On July 10, 2025, SPS filed its Motion to Vacate, requesting that the default be set aside under Rule 55(c). ECF No. 23 at 3. Mitchel filed his Response and Objection to the Motion the same day. (ECF No. 24).

## II.    LEGAL STANDARDS

### A.    Rules 55(c) and 60(b)

Rule 55 sets forth the conditions under which a court may enter a default against a party, as well as the procedure to seek the entry of default judgment. When a court enters a default, it may be set aside for good cause under Fed. R. Civ. P. 55(c). After a default judgment is entered, it may be set aside under Fed. R. Civ. P. 60(b). *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999). However, courts "conside[r] the same three factors when determining whether good cause exists for setting aside an entry of default under Rule 55(c) and whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1)." *Am. Gen. Life Ins. Co. v. Mgbakogu*, No. 4:21-CV-00776-O, 2022 WL 22330384, at *1 (N.D. Tex. Jan. 26, 2022) (citing *Rogers* 167 F.3d at 938-939).

"Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for 'mistake, inadvertence, surprise, or excusable neglect' . . . [c]ourts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits. *Rogers* 167 F.3d at 938 (citing *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992)). The Firth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct.'"

*Id.* (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985); *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991).

### III. ANALYSIS

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers* 167 F.3d at 936 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir.1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala*, 874 F.2d at 276.

Here, SPS argues that Mitchel is unlikely to suffer significant prejudice due to the Court vacating the default because the litigation is in the early stages. ECF No. 23 at 2. While Mitchel rightfully claims he will have to adjust his strategy if the default is vacated, this prejudice is slight. ECF No. 24 at 3. Additionally, SPS claims they have meritorious defenses to assert in the litigation, and that their presence in the case will contribute to efficient resolution. ECF No. 23 at 3. The undersigned recently considered and recommended granting Motions to Dismiss that similarly situated defendants had filed. *See* ECF No. 27. Finally, it appears that SPS's culpability in its conduct was low. While SPS did not act for more than 50 days after Mitchel's service, this appears to be more a result of SPS's own confusion stemming from Mitchel's service practice, rather than malice. ECF No. 23 at 3. SPS should have taken more care to respond promptly to Mitchel's complaint after SPS received service of process on April 21, 2025. ECF No. 20-1 at 1. But entry of default is an extreme measure and inappropriate in this case. The factors all militate in favor of vacating the default.

After the clerk enters default against a party, a "plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). Here, because vacating the default is proper, the Court should deny Mitchel's Motion for Default Judgment (ECF No. 22) as moot.

## IV. CONCLUSION

Because SPS has shown "good cause" under Rule 55(c) to set aside the default, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** SPS's Motion to Vacate Default (ECF No. 23) and **DENY** as moot Mitchel's Motion for Default Judgment (ECF No 22).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4

**SIGNED** on September 24, 2025.

                                                        Hal R. Ray, Jr.
                                                        UNITED STATES MAGISTRATE JUDGE