IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC V. MITCHEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-00432-O-BP |
| § | |
| NEXERA HOLDINGS LLC, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a suit for fraudulent inducement, material misrepresentation, violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and deprivation of civil rights that Plaintiff Eric Mitchel ("Mitchel") brought *pro se*. ECF No. 1. Before the Court are the Motion to Dismiss that Select Portfolio Servicing LLC ("SPS") filed on October 1, 2025 (ECF No. 31), and Mitchel's Response filed on October 2, 2025 (ECF No. 33). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion to Dismiss (ECF No. 31) and **DISMISS** Mitchel's claims against SPS.

**I.    BACKGROUND**

Mitchel's claims arise from his purchase of a home in February 2025. ECF No. 1. Mitchel initiated this action on April 21, 2025, against several defendants including two lenders, a loan servicer, the seller, and the real estate broker involved in the transaction. *Id.* at 2-3. He claims that Defendants made false representations, inadequate disclosures, contradictions, and mis-characterizations. *Id.* at 4-6. Mitchel alleges these actions amounted to fraud and deceptive conduct and violated several of his rights. *Id.* at 6. He requests that the Court cancel the deed of trust as

void, enjoin Defendants from enforcing their security interests, and award him damages and fees. *Id.* at 7.

Mitchel's complaint contains only two sentences concerning SPS. It states that Planet Home Lending's "automated system further reflects that [SPS] became the new servicer effective April 1, 2025, which coincided with the first payment due date. [Mitchel] received no RESPA-compliant notice regarding this second servicing transfer." ECF No. 1 at 5. Despite this statement, Mitchel does not seek relief against SPS for violating the Real Estate Settlement Procedures Act or any other federal statute. Nor does he state facts showing any actual damages that he suffered resulting from any such alleged statutory violation.

On October 1, 2025, SPS filed a motion to dismiss asserting that Mitchel did not plead that SPS could be liable for fraud, did not plead fraud with particularity as required, and did not plead a plausible claim that SPS violated the DTPA. ECF No. 31 at 5-6. SPS also asserts that because Mitchel's substantive claims do not state a cause of action, Mitchel is not entitled to declaratory relief. *Id.* at 7.

Mitchel filed his response on October 2, 2025, in which he reiterated his litany of arguments, including that the chain of title was void, SPS "lack[s] standing" because it relied on screenshots rather than official instruments, that he "pled with particularity multiple actionable claims, including fraudulent inducement, material misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA)," and his request for entry of a default judgment against SPS that the Court previously rejected. ECF No. 15 at 2.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. *Pro se* parties

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires

"whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone et al.*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C.     Dismissal with or without leave to amend

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities and thus, when possible, the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548-49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

However, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of a plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss

the complaint with the assurance that the plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-3 (N.D. Tex. Feb. 13, 2001) (quoting *Barber v. G.H. Rodgers*, No. 3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

### III.  ANALYSIS

#### A.  Mitchel does not plead fraud with particularity under Rule 9(b).

Mitchel's complaint does not assert any specific facts to support a fraud claim against SPS. It asserts that submission of the notice of transfer servicing document between Nexera Holdings, LLC to Planet Home Lending, LLC occurred one day prior to Plaintiff's signature on the loan documents. ECF No. 33 at 3. He contends that this "premature" transfer undermines and invalidates SPS' claim to the servicing rights of the loan because the chain of title was "*void ab initio.*" *Id.* at 2-4 (emphasis in original). Mitchel further argues that this invalid transfer constitutes fraudulent inducement. ECF No. 1 at 7. However, Mitchel asserts no facts to suggest that SPS defrauded him.

The elements of common law fraud under Texas law are that: (1) a defendant made a false material representation to the plaintiff with knowledge of the statement's falsity or a reckless disregard as to its truth, (2) the defendant intended the plaintiff to rely on the statement, (3) the plaintiff relied on the statement, and (4) the statement caused damage to the plaintiff. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). A claim for common law fraud must meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (applying Rule 9(b)'s heightened pleading standard to claims for common-law fraud, statutory fraud, and negligent misrepresentation). "A

dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the complaint's well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Id.* (quotation omitted).

The Fifth Circuit has further explained that "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth specific facts supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citations omitted). "Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *United States ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003).

In his response, Mitchel claims that SPS induced him into "execut[ing] a contract containing contradictory clauses designed to misrepresent the nature of Plaintiffs' ownership interest" and that he "reasonable relied on these mischaracterizations to his detriment." ECF No. 1 at 7. However, the complaint is devoid of any facts to support these claims. Mitchel does not show whether SPS made any statements to him, how he relied upon them, or if the statement caused him damages. Therefore, Mitchel has not met his burden to show that he has alleged a fraud claim against SPS upon which the Court can grant relief.

### B. Mitchel does not plead a proper DTPA claim.

"There are three elements to a DTPA claim: '(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages.'" *In re Frazin*, 732 F.3d 313, 323 (5th Cir. 2013) (citing *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)).

Mitchel's complaint does not assert facts to support a DTPA claim against SPS. In his response, Mitchel claims that SPS' "mischaracterization" of the loan based on "false statements" constitutes a violation of the DTPA. ECF No. 33 at 6. He alleges a catalog of bad behavior by SPS in conclusory fashion, without providing adequate facts to show that any of these alleged bad acts was false, misleading, or deceptive. And Mitchel offers only vague legal authority to show he has a valid cause of action under the DTPA. While he asserts that SPS' statements constituted "deceptive practices in violation of the DTPA," he does not plead facts to show how or why this is the case. ECF No. 1 at 7. Undeterred, Mitchel seeks cancellation of his mortgage without providing any legal basis for such a remedy. *Id.* at 6.

Even liberally construing Mitchel's complaint and taking all well-pleaded facts as true and viewed in the light most favorable to him, Mitchel's pleading does not "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. As a result, dismissal under Rule 12(b)(6) is appropriate because Mitchel has not stated a claim upon which relief may be granted for violation of the DTPA.

### C. Mitchel is not entitled to declaratory judgment nor cancellation of the loan.

Mitchel requests that the Court invalidate his mortgage instrument, cancel the deed of trust, and enjoin the Defendants from enforcing the security interest. ECF No. 1 at 7. He cites no legal authority that would entitle him to such relief. "Declaratory judgment and injunctive relief are

forms of relief based on underlying claims." *Johnson v. Wells Fargo Bank*, NA, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014). As a result, when a Plaintiff's claims cannot withstand dismissal, "requests for declaratory and injunctive relief" also "cannot survive." *Id.* Mitchel's claims against SPS for fraud and violations of the DTPA are insufficient to survive dismissal because Mitchel has not provided a plausible factual basis for the relief he requests. As a result, the declaratory judgement and injunctive relief he seeks to cancel the loan and enjoin Defendants "cannot survive" and therefore should also be dismissed. *Id.*

      **D.**      **The Court should dismiss Mitchel's claims against SPS with leave to amend.**

Following a Rule 12 motion to dismiss, courts usually allow plaintiffs at least one opportunity to amend, unless "it is clear that the defects are incurable . . . ." *Great Plains Tr. Co.*, 313 F.3d at 329. In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

While Mitchel's claims are legally unsupportable, the undersigned cannot conclude that he has pleaded his best case. He has not had an opportunity to cure the deficiencies in his complaint, and further amendment may cure these deficiencies. Chief Judge O'Connor should not dismiss Mitchel's claims against SPS if he amends his complaint to address the legal deficiencies noted in these findings, conclusion, and recommendation within the fourteen-day period permitted for

8

objections to these findings, conclusions, and recommendation or such other time that Chief Judge O'Connor sets.

Should Mitchel seek leave to amend his complaint, he must comply with the requirements of Federal Rules of Civil Procedure 8, 10(b), and 15(a) and Local Civil Rule 7.1. Fed. R. Civ. P. 8(a), 10(b), 15(a); Local Civil Rule 7.1. Any amended complaint will supersede (take the place of) Plaintiff's original Complaint (ECF No. 1). Consequently, Mitchel must state all claims and list all defendants in any amended complaint filed. A form complaint for use in a civil case is available online at http://www.uscourts.gov/forms/ pro-se-forms/complaint-civil-case. Mitchel may also review the Local Civil Rules of the Court at https://www.txnd.uscourts.gov/civil-rules.

### IV. CONCLUSION

Mitchel has not pleaded sufficient facts to state a claim against SPS. However, the Court should grant him leave to file an amended complaint that addresses the legal issues raised in SPS' Motion to Dismiss and these findings, conclusions, and recommendation, if Mitchel is able to do so. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 31) and **DISMISS** Mitchel's claims against Defendant SPS, with leave to file an amended complaint on or before November 12, 2025, or such other date that Chief Judge O'Connor may set. If Mitchel timely files an amended complaint, Chief Judge O'Connor should **DENY** the Motion to Dismiss as moot, and the action should proceed against SPS on the newly amended complaint.

It is so **ORDERED** on October 28, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9